JOURNAL ENTRY AND OPINION
Defendant-appellant Anthony Thomas appeals from his conviction following a jury trial for possession of crack cocaine in an amount less than one gram (R.C. 2925.11), a felony of the fifth degree. Defendant assigns error that the trial court erred in not making specific findings which justified the maximum sentence of twelve months. We find merit to the appeal and vacate the sentence and remand for resentencing.
Defendant was arrested by two detectives of the Cleveland Police Department's Fourth District Vice Unit for possession of .65 grams of crack cocaine. Detectives Kelvin Barrow and John Anderson related the events of August 4, 1998 leading to the arrest.
Both detectives testified that while patrolling the area of East 130th Street and Griffing Avenue, they saw a group of four males on Griffing Avenue engaging in drug transactions. The detectives circled the block in their unmarked car, timing their arrival so that they could pull right up next to the males. When the detectives pulled up, the four males were standing in front of Gene's beverage store. They ran inside the store. The detectives immediately followed them into the store. Det. Barrow entered first, with Det. Anderson following. When they entered, both detectives saw the defendant trying to push his crack cocaine through a speaking hole in the bullet proof glass that faces the lobby of the store. Det. Anderson marked and bagged the evidence. The defendant, along with the co-defendants Gregory Jones and Durran Harris were arrested.
The defendant was sentenced immediately after his conviction to the maximum of twelve months. The defendant, who was already on parole for another offense, had been in jail for eight and one-half months. He received jail time credit for 240 days against his twelve-month sentence. The trial court journalized its specific findings in both a regular journal entry and a journal entry entitled Felony Sentencing Findings, which itemized a "check list" of numerous statutory factors the court was to consider. The trial court checked items under "Balance Recidivism Likely: (A) Offender under a type of court control; (C) Unsuccessful probation/parole."
We will discuss defendant's two assignments of error together because they both challenge the trial court's findings on sentencing as insufficient.
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF INCARCERATION AND SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. §§ 2929.14(C) AND 2929.19(B)(2)(d) BY INCLUDING A CHECKLIST IN THE RECORD.
 II. THE TRIAL COURT ERRED IN FAILING TO STATE ITS REASONS FOR SENTENCING APPELLANT TO THE MAXIMUM TERM OF INCARCERATION AS REQUIRED BY R.C. §§ 2929.14(C) AND 2929.19(B)(2)(d).
Pursuant to R.C. 2953.08:
 (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
In the case herein, the trial court sentenced the defendant to the maximum permitted for a fifth-degree felony. The trial court said nothing at the hearing which would indicate why it selected this sentence. Instead, it attached a "check list" to its journal entry. This "check list" listed the criteria under R.C. 2929.12
regarding the factors considered for determining the seriousness of the crime and likelihood of recidivism. Beneath a section on the "check list" entitled "Balance Recidivism Likely, § 2929.12(D)" the court checked two statements: "offender under a type of control" and "unsuccessful probation/parole". We find that this was insufficient to support the sentence the trial court entered.
This Court has found that the use of a "check list" for sentencing purposes is a valid procedure, but only when it supports the sentence given. State v. Stadalsky (Apr. 13, 2000), Cuyahoga App. No. 75504, unreported; State v. Albert (1997), 124 Ohio App.3d 225,228-229. Other districts have also permitted such check lists. See State v. Ewing (Apr. 14, 1999), Lorain App. No. 97CA006944, unreported; State v. Burley (Apr. 21, 1998), Franklin App. No. 97APA08-1034, unreported; State v. Meadows (Feb. 6, 1998), Hamilton App. No. C-961045, unreported; State v. Fitzsimmons (Dec. 1, 1998), Franklin App. No. 98AP-340, unreported; State v. Phillips (June 18, 1997), Hamilton App. No. C-960898, unreported.
In this case, however, the "check list" does not support the sentence the trial court ordered as nothing indicates to this Court that the trial court considered the criteria for imposing the maximum sentence as required under R.C. 2929.14(C). The only section mentioned on the trial court's "check list" is R.C.2929.12. The Ohio Supreme Court in State v. Edmonson (1999),86 Ohio St.3d 324, 328-329 held that when imposing the maximum sentence, the record must reflect that "the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. Further, R.C. 2929.19(B)(2)(d) requires that the trial court "make a finding that gives [the] reasons for selecting the sentence imposed" and, if that sentence is the maximum term allowed for that offense, the trial court is required to set forth "reasons for imposing the maximum prison term." R.C. 2929.14(C) states in pertinent part:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.
Nothing in the transcript or in the trial court's "check list" indicates that the court considered these categories under R.C.2929.14(C) for imposing the maximum sentence.
Furthermore, the defendant in this case was convicted of a fifth-degree felony. Therefore, the trial court had to engage in the statutory analysis required for imposing a prison term versus community control sanctions. As this Court in State v. Stewart (Mar. 4, 1999), Cuyahoga App. No. 74691, unreported held:
 Defendant was convicted of theft, a felony of the fifth degree. In determining whether a prison term should be imposed, the following inquiry must be undertaken pursuant to R.C. 2929.13(A)(2): the court shall determine whether any of the factors set forth in R.C. 2929.13(B)(1) apply; the court must consider the seriousness and recidivism factors of R.C. 2929.12; and must consider whether the offender is amenable to community control sanction.
Id. at 2. The record before us, including the transcript and "check list", does not indicate that the trial court gave any consideration to the factors listed under R.C. 2929.13(B)(1). Since the sentencing statute requires such an analysis, the trial court erred in not considering these factors.
Because the trial court's "check list" and the transcript of the sentencing hearing fail to indicate that the trial court considered all of the relevant criteria for sentencing the defendant, we vacate the sentence and remand for re-sentencing.
Assignments of Error I and II are sustained.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ JAMES M. PORTER, JUDGE
O'DONNELL, P.J., and BLACKMON, J., CONCUR.