DISSENTING OPINION
Because I conclude that the trial court made the statutorily required findings before imposing consecutive sentences, I respectfully dissent.
R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and provides in relevant part as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
R.C. 2929.19(B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
* * *
 (c) If it imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences.
This Court, in State v. Albert (1997), 124 Ohio App.3d 225,230, concluded that a trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences:
 R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.
In this case, the trial court stated as follows:
 On the recidivism factors, the Court finds the offender was out on bail before trial or sentencing, under Court sanction or under post-release control or parole. And when the offense was committed, the sanction would be that the defendant was on parole when the offense was committed.
 There had been a prior adjudication of delinquency or criminal convictions. The Court notes that there have been seven prior convictions. There has been a failure to respond favorably in the past to sanctions imposed for criminal convictions, and he shows no remorse for the offense.
 Under the seriousness factors, the Court does find it to be more serious that the injury to the victim was worsened by the physical or mental condition or age of the victim. The explanation would be that the victim is 71 years of age.
 The Court further finds that the victim suffered serious physical, psychological or economic harm as a result of the offense, and the explanation would be that the victim indicated that she had to borrow money from her children as a result from the impact this crime had on her, and that the relationship with the victim facilitated the offense.
* * *
 Court further finds under the sentencing factors that the offender previously served a prison term and that the offense was committed while under a community controlled sanction.
In accordance with the foregoing, the trial court determined that consecutive sentences are necessary to protect the public from future crime or to punish defendant because he had an extensive record and had not responded favorably to his past sanctions. The court also stated that defendant had committed one of the worst forms of offenses because the victim was an elderly woman who suffered psychological and financial hardship as the result of the offenses. In my view, therefore, the trial court fully complied with its statutory duties in imposing consecutive sentences.
In accordance with the foregoing, I would conclude that the trial court properly imposed consecutive sentences in this instance.