Defendant-appellant Christopher Crawford appeals from his convictions following guilty pleas to aggravated burglary (R.C. 2911.11) and rape (R.C. 2907.02). Defendant claims the trial court erred in sentencing him to maximum consecutive sentences without making the requisite findings. We find merit to this appeal, vacate the sentence and remand for resentencing.
On July 31, 1999, defendant, high on drugs, broke into an elderly victim's home and raped her. Also found in the victim's home were credit cards dropped by the defendant which belonged to the victim's neighbor.
Defendant was originally indicted on four counts. Count One was for aggravated burglary (R.C. 2911.11). Count Two was for rape (R.C.2907.02). Count Three was for kidnapping (R.C. 2905.01) and Count Four was for misuse of credit cards (R.C. 2913.21). On September 28, 1999, defendant pled guilty to one count of aggravated burglary and one count of rape. The remaining counts were nolled.
After a presentence report was ordered, the trial court, on October 19, 1999, sentenced the defendant to the maximum sentence of ten years on each of the two counts to be served consecutively.
The defendant timely appeals from this sentence raising one assignment of error.
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM AVAILABLE SENTENCES CONSECUTIVELYON EACH COUNT TO WHICH APPELLANT ENTERED A PLEA OF GUILTY.
Defendant contends that he was sentenced contrary to law as the trial court sentenced him to maximum, consecutive sentences without making the requisite findings pursuant to R.C. 2929.14(C) and 2929.14(E).
In imposing the maximum sentence, the trial court must follow R.C.2929.14(C) which states:
 The court imposing a sentence upon an offender for a felony may impose the longest term for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.
The Supreme Court in State v. Edmonson (1999), 86 Ohio St.3d 324, recently addressed the principles governing the minimum and maximum sentences. Relevant to the case before us, the Court stated that "in order to lawfully impose the maximum term for a single offense, the record must reflect that the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)."Id. at 329. In so holding, the Court vacated a sentence even though the trial court stated that it found the defendant to be a "dangerous offender and you to commit a crime again [sic]. This was a terrible incident with a person who has [sic] a gun." The trial court in Edmonson
had also stated in its journal entry:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.
 The Court further finds that [Edmonson] is a dangerous offender, that recidivism is likely, and that a gun was used during this incident.
The Supreme Court concluded that these findings were insufficient, stating as follows:
 The Edmonson sentencing fails to record that Edmonson fits within one of the categories of offenders in R.C. 2929.14(C). Obviously, without the finding itself, the court also fails to provide the necessary "finding that gives its reasons." R.C. 2929.19(B)(2)(d). With this record, we cannot confirm that the trial court heeded the enacted policy of the General Assembly meant for curtailing the imposition of maximum terms.
Id. at 329.
In the case before us, the trial court, like in Edmonson, did not specifically cite to one of the categories listed in R.C. 2929.14(C). The trial court in imposing the maximum sentence stated as follows:
 * * * The crime is of the first magnitude as far as viciousness and as far as being a terrible affront to what appears to me to be a wonderful person and an elderly lady, 73 years of age, who against you would be totally and completely defenseless.
 So with that this Court is going to sentence you under the first count in this indictment for the aggravated burglary to the maximum of ten years at the Lorain Correctional Institution.
 The Court is going to sentence you under the second count of this indictment for rape to ten years at the Lorain Correctional Institution. * * *
(Tr. at 16). According to Edmonson, the trial court's findings are insufficient to comply with R.C. 2929.14(C) as the trial court failed to specifically name one of the categories listed in R.C. 2929.14(C). See, also, State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720, unreported; State v. Gentile (Jan. 6, 2000), Cuyahoga App. No. 75572, unreported.
Defendant also contends that the trial court erred in imposing consecutive sentences. R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and states in relevant part:
 (E)(4) If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
 * * * (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
This Court in State v. Albert (1997), 124 Ohio App.3d 225, 230, found that the trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences. The trial court engaged in the appropriate analysis by stating as follows:
 This Court believes and so finds that the consecutive terms are necessary to protect the public and to punish the defendant in this case for the heinous crime that he has committed. This sentence is not disproportionate to the seriousness of the defendant's conduct and the danger imposed by the defendant. A single sentence, in this Court's opinion, would not be proportionate to the harm caused on this victim who I believe will be suffering from the ravages that you committed upon her for the rest of her entire life.
(Tr. at 16-17).
Although we find the trial court engaged in the required analysis for imposing consecutive sentences pursuant to R.C. 2929.14(E), we still must vacate the sentence due to the trial court's failure to make the required findings pursuant to R.C. 2929.14(C).
Defendant's assignment of error has merit in part. Defendant's sentence is vacated and remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BLACKMON, J., CONCURS.
O'DONNELL, P.J., DISSENTS.
 __________________ JAMES M. PORTER JUDGE