JOURNAL ENTRY AND OPINION
The appellant appeals the decision of the trial court sentencing him to two eleven month terms to run consecutively based on his conviction on one count of trafficking in drugs and one count of possession of criminal tools. For the reasons set forth below, we vacate appellant's sentence and remand for resentencing.
This case arose from an incident that occurred on the evening of November 3, 1999. The appellant and another individual, later identified as the appellant's brother, were observed by Detective Bernard Norman of the Cleveland Police Department around the area of West 59th and Storer Avenue. This area was known as a high drug activity neighborhood. The detective observed the appellant enter into a drug transaction with a confidential informant. The informant returned to Detective Norman's unmarked vehicle and turned over to the detective the crack cocaine that he had just purchased from the appellant. The detective followed the appellant as he walked into a house down the street. Within a few minutes, the appellant and his brother exited the house and were arrested.
The Cuyahoga County Grand Jury indicted the appellant for one count of trafficking in cocaine, in violation of R.C. 2925.03, one count of possession of drugs, in violation of R.C. 2925.11, and one count of possession of criminal tools, in violation of R.C. 2923.24. The appellant entered a plea of not guilty to all charges, and a jury trial commenced on April 28, 2000. On May 2, 2000, the jury returned a guilty verdict on count one, trafficking in cocaine, and on count three, possession of criminal tools.
On May 5, 2000, the trial court sentenced the appellant to a term of eleven months incarceration on count one and eleven months on count three, to run consecutively. The appellant timely filed notice of appeal and asserts the following sole assignment of error:
 I. THE TRIAL COURT ERRED BY IMPOSING UPON THE APPELLANT CONSECUTIVE SENTENCES WITHOUT FIRST CONDUCTING A PROPER ANALYSIS REQUIRED BY O.R.C. SECTIONS 2929.19(B) AND 2929.14(E).
R.C. 2929.14(E)(4) governs the imposition of consecutive sentences when a defendant is convicted of multiple offenses. In order for the trial court to sentence a defendant to consecutive terms of incarceration, the record must show that the judge made the findings required in this section.
R.C. .2929.14(E)(4) states in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the revised code, or was under post-release control for the prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Once the trial court has made its required findings under 2929.14(E), it must then satisfy R.C. 2929.19(B)(2)(c). Until both code sections have been satisfied, the rendering of consecutive prison terms is not proper under the felony sentencing laws. Only upon a showing of clear and convincing evidence may a reviewing court disturb a sentence imposed under Senate Bill 2. R.C. 2953.08(G)(1)(a) and (d). State v. Beck (March 30, 2000), Cuyahoga App. No. 75193, unreported, 2000 Ohio App. LEXIS 1349, at 8; See also, State v. Garcia (1998), 126 Ohio App.3d 485,710 N.E.2d 783. Further, when a judge imposes consecutive sentences, but fails to comply with the three findings set forth in R.C. 2929.14(E)(4), the trial court has committed reversible error. State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274.
Pursuant to R.C. 2929.19(B)(2)(c), the trial court must additionally make a finding that gives its reasons for selecting the sentence imposed if the court is indeed going to impose consecutive sentences. Therefore, before a court imposes consecutive sentences, it must be able to justify its findings under 2929.14(E). This court has read `finding' to mean the various findings outlined in R.C. 2929.14 and `reasons' should mean the trial court's stated basis for its `findings'. State v. Berry (March 9, 2000), Cuyahoga App. No. 75470, 75471, unreported, 2000 Ohio App. LEXIS 910, at 6.
At the time of sentencing, the trial court stated:
 Given your prior criminal history, um, I also feel a long prison term is needed in order to protect the public from further drug-related offenses from you. I therefore sentence you to eleven months at Lorain Correctional Institute on count one, and eleven months at Lorain Correctional Institute on count three, and both counts will run consecutively.
Based on the record, this court finds that the trial court failed to establish the three required findings pursuant to 2929.14(E). Therefore, the court's imposition of consecutive sentences must be vacated and the matter remanded for resentencing. The appellant's sole assignment of error has merit.
Sentence vacated and remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND LAWRENCE GREY, J.*, CONCUR.
 ________________________________ FRANK D. CELEBREZZE, JR., JUDGE
* (Sitting By Assignment: Judge Lawrence Grey, Retired, of the Fourth Appellate District.)