JOURNAL ENTRY AND OPINION
The appellant, James Samples, appeals the decision of the trial court in its imposition of sentence. Upon review, we affirm in part, reverse in part and remand for resentencing.
The Cuyahoga County Grand Jury indicted the appellant on one count of rape, in violation of R.C. 2907.02, one count of kidnapping, in violation of R.C. 2905.01, one count of attempted murder, in violation of R.C.2903.02, and one count of felonious assault, in violation of R.C. 2903.11.
Before trial commenced, the trial judge conducted a hearing regarding the admissibility of evidence, pursuant to Ohio Rules of Evidence 404(E). The evidence pertained to prior acts of the appellant, including a charge of assault, and was offered by the State to establish a pattern of the appellant abusing his girlfriends, both physically and sexually. The testimony presented was elicited from one of appellant's prior girlfriends who described the acts committed against her by the appellant when she tried to end their relationship. Following the hearing, the trial court allowed the testimony to be admitted into evidence.
After the 404(B) evidentiary hearing, the State and appellant's counsel entered into a plea agreement. The State amended the indictment by dismissing counts one and three, rape and attempted murder, respectively. The indictment was further amended by changing the charge of kidnapping, with a sexual motivation specification, to the lesser included offense of abduction, a violation of R.C. 2905.02(A)(2), and amending count four to the lessor included offense of aggravated assault, a violation of R.C. 2903.12(A)(1). The appellant pleaded guilty to the charges of abduction, a third degree felony, and aggravated assault, a felony of the fourth degree.
At the sentencing hearing, the victim made a statement to the court. Her statement, along with a letter she had sent to the trial judge in which she graphically detailed what happened to her at the hands of appellant, were made a part of the record. The victim stated that the appellant threatened to kill her as he tried to suffocate her, first by covering her mouth and nose with his hand, then by putting a pillow over her face. He then raped her and threaten to harm her if she should tell anyone what occurred.
The trial judge sentenced the appellant to terms of incarceration, to be run consecutively, of four years for the charge of abduction and one and one half years on the charge of aggravated assault. The appellant appeals the sentence and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN IMPOSING A FOUR YEAR PRISON TERM ON DEFENDANT-APPELLANT SAMPLES BASED UPON HIS CONVICTION OF A THIRD DEGREE FELONY.
 II. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON THE DEFENDANT-APPELLANT, JAMES SAMPLES, FOR HIS CONVICTION FOR THE OFFENSE OF AGGRAVATED ASSAULT, A FELONY OF THE FOURTH DEGREE.
 III. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES IN THIS CASE.
Appellant contends in his first assignment of error that the court improperly sentenced him to incarceration for a term of four years for the charge of abduction, a felony of the third degree.
R.C. 2929.14(B) states:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held: "We construe this statute to mean unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutory sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
In this case, although the appellant plead guilty to assault in 1993, the extent of the sentence for that prior conviction was to pay a $250 fine and court costs. The appellant had never served a prison term prior to the case at bar. Therefore, the trial judge must, in accordance with Edmonson, find either or both of the two statutorily sanctioned reasons for exceeding the minimum term of incarceration. Upon a review of the record, we conclude that the trial court failed to establish that the shortest prison term would demean the seriousness of the offender's conduct or that it would not adequately protect the public from future crimes. The sentence must therefore be vacated and the matter remanded for resentencing.
In appellant's second assignment of error, he contends that the trial court erred in imposing a term of incarceration of eighteen months for a felony of the fourth degree, which is the maximum sentence allowed for that offense. The appellant contends that the trial court failed to consider the factors listed under R.C. 2929.13(B)(1).
Under R.C. 2929.13(B)(2)(a), which establishes guidelines for sentencing, the court shall impose a prison term if the court makes findings consistent with the factors listed in R.C. 2929.13(B)(1)(a) through (h) and the appellant is not amenable to any available community controlled sanctions.
R.C. 2929.13(B) states in pertinent part:
 (1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply: (a) In committing the offense, the offender caused physical harm to a person. (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
The other statute at issue, R.C. 2929.19(B)(2), establishes the procedure that the trial court must follow to properly impose a term of incarceration for a fourth or fifth degree felony. It states in pertinent part:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * If it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
Under Revised Code section 2929.14(C):
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * *.
The record of this case demonstrates that the trial court stated in its opening comments that "I read the presentence investigative report. By law, I'm required to take into consideration a variety of factors. I've done that. Assault back in `93 and now this case."
The trial judge then discussed the acts of the appellant:
 You hold someone against their will a couple of hours and say things; you are going to kill her, then you're not, back and forth * * *
 * * * How many times you told her she was going to die. * * * sex against her will. Physical contact is a mild term. How about shoving her; smothering her; pushing her face in the mattress; pressure on her chest so she couldn't breathe * * *.
At this point, the trial judge concluded that the appellant "is not amenable to community controls."
The appellant was sentenced to a term of incarceration of eighteen months for the charge of aggravated assault. The court further concluded that the appellant committed the worst form of the offense.
Upon a review of the transcript, we conclude that the record is sufficient under R.C. 2929.19(B)(2) to sustain the trial court's decision to sentence the appellant to the maximum term of incarceration and the court's determination that the appellant is not amenable to community control sanctions. The trial court established on the record that the appellant threatened the life of the victim in this case. The court set out on the record that the appellant repeatedly threatened to kill the victim and physically assaulted her, pressing down on her chest and trying to smother her with a pillow. These factors enabled the court to determine that the appellant had committed the worst form of the offense and incarceration was necessary under R.C. 2929.13(B). Therefore, appellant's second assignment of error is without merit.
In appellant's third assignment of error, he contends that the trial court erred in imposing a consecutive sentence. Specifically, the appellant argues that the trial court failed to make the required findings under R.C. 2929.14(E)(4) to impose consecutive sentences.
R.C. 2929.14(E)(4) states in relevant part:
 (E)(4) If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
* * *
 (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
R.C. 2929.19(B)(2) provides in pertinent part:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 It imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences.
This court determined in State v. Albert (1997), 124 Ohio App.3d 225,230, that in order for a trial court to properly order consecutive sentences, the trial judge must follow the established analysis:
 R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.
In the present case, at the time of sentencing, the trial judge went into a lengthy discussion about what the appellant did to the victim and the prior assault charge introduced pursuant to a 404(B) hearing. After discussing the appellant's actions and terming the actions of the appellant as "atrocious, outrageous, and horrible," the trial judge determined that the terms of incarceration should be run consecutive to each other. The trial judge then made the findings that the imposition of consecutive sentences was necessary in order to protect the public and punish the offender, that the imposition of the consecutive sentences was not so disproportionate to the outrageous conduct and a single term did not adequately reflect the seriousness of appellant's conduct.
The trial judge properly satisfied the necessary elements of 2929.14(B) in order to impose a consecutive sentence. Therefore, appellant's third assignment of error is without merit.
Judgment affirmed in part, reversed in part, and remanded for resentencing.
It is ordered that the parties shall bear their own costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND JAMES J. SWEENEY, J., CONCUR.