The STATE of Ohio, Appellee,

v.

ALBERT, Appellant.

[Cite as *State v. Albert* (1997), 124 Ohio App.3d 225.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72677.

Decided Nov. 24, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael D. Horn,* Assistant Prosecuting Attorney, for appellee.

*Levin & Levin, Leanne S. Larimer* and *James A. Levin,* for appellant.

*Per Curiam.*

Phillip Albert appeals the sentence imposed by the common pleas court following his guilty pleas to felonious assault and arson, alleging that the court failed to comply with the provisions of 1995 Am.Sub.S.B. No. 2 at the time it sentenced him to consecutive prison terms on these charges. Because R.C. 2929.19(B) requires the trial court to make a finding that gives its reasons for selecting the sentence imposed if it imposes consecutive sentences, we vacate the order of consecutive sentences and remand this matter to the court for the purpose of reconsidering this matter and, if it decides to impose consecutive sentences, making the statutorily required finding.

The record in this case reflects that on or about February 1, 1997, the appellant broke into the home of Sherry Cicero, his ex-girlfriend and the mother of three of his children, and ordered her into the kitchen, where he grabbed a knife and threatened to kill her. He forced her to engage in sexual relations with him, forcing his hand into her vagina and threatening to rip her insides out; the children were present in the home, and appellant indicated that he intended for Cicero to kill them. Upon leaving the house, Albert started a fire in the garage.

On February 18, 1997, the Cuyahoga County Grand Jury indicted Albert for aggravated burglary, kidnapping, five counts of rape, felonious assault, and arson. On April 9, 1997, he pled guilty to felonious assault and arson, and the state *nolled* the remaining charges. The trial court accepted the pleas, made findings of guilt, and referred the matter for preparation of a presentence investigation report. On May 13, 1997, the court sentenced appellant to consecutive prison terms of seven years for the felonious assault and four years for the arson convictions.

Albert now appeals and raises two assignments of error:

## Assignment of Error No. I

"The trial court erred by imposing upon the appellant a sentence that is contrary to law."

## Assignment of Error No. II

"The trial court erred by imposing upon the appellant consecutive sentences which are contrary to law."

Essentially, appellant argues that the court should have sentenced him to a community control sanction or, alternatively, the shortest prison term for both offenses, which would have been two years for the felonious assault and one year for the arson. He also argues that the combined consecutive sentence of eleven years exceeds the maximum prison term allowed for the most serious offense of which he was convicted, in violation of R.C. 2953.08(C), and that the court failed to make necessary findings before imposing the sentences consecutively.

The state submits that the court properly imposed sentence and, because the court read from the police report prior to imposing sentence, it considered relevant sentencing factors in accordance with R.C. 2929.19.

The issues then presented for our review on this appeal concern whether the trial court imposed a proper sentence and whether it procedurally complied with the law regarding imposition of consecutive sentences.

We begin by noting that the court sentenced appellant in accordance with the provisions of Am.Sub.S.B. No. 2, known as Senate Bill 2, which became effective

July 1, 1996. That legislation changed the duties of a trial court in connection with imposing sentence in a criminal case. Formerly, the court's obligation had been to consider factors listed in R.C. 2929.12, 2929.13, and 2929.14, regarding whether to impose incarceration or probation and to utilize those factors in determining the length of those periods. Now, the court is required to consider the overriding purposes of sentencing and protection of the public from future crime and punishment of the offender, R.C. 2929.11(A), and to make findings in support of its exercise of sentencing discretion. In addition, we note that for a felony of the second degree, it is presumed that a prison term is necessary to comply with the purposes of sentencing. See R.C. 2929.13(D).

Appellant's complaint is that, in imposing its sentence, the court did not adhere to the provisions of R.C. 2929.14(B), which states in part:

"Except as provided in division (C), (D)(2), (D)(3) or (G) of this section or in Chapter 2525. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

In contrast, R.C. 2929.14(C) states:

"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, * * * [or] who pose the greatest likelihood of committing future crimes * * *."

Hence, an apparent conflict exists regarding the role of the judge at sentencing in applying these two sections. Here, the trial judge not only obtained a presentence investigation report but also read from the police report at the sentencing hearing and detailed for the record how appellant crashed through the back door to the victim's home late at night, threatened her with a knife, repeatedly raped her in the presence of her children, threatened to rip her insides out, vocalized that she would be required to kill her children, and then left and set fire to the garage.

In conformity with R.C. 2929.11(A), the court, at sentencing, considered the need to protect the public and to punish the offender. Here, from the manner in which the offenses were committed and in conformity with R.C. 2929.14(C), the court apparently determined this to be the worst form of these offenses, justifying longer prison terms, thereby inferring that shorter prison terms would demean the seriousness of appellant's conduct. The court utilized a checklist of

the factors cataloged in R.C. 2929.12, which it considered at sentencing. In conformity with that evidence, which supports the court's conclusions regarding the worst forms of these offenses, we have concluded that the sentences of seven years for felonious assault and four years for arson, in this instance, are not contrary to law and, hence, overrule the first assignment of error.

Appellant next urges that the trial court erred in imposing the sentences consecutively because they exceed the maximum sentence for the most serious offense of which he was convicted and because the court failed to make a finding as to its reasons for consecutive sentences in conformity with R.C. 2929.19(B).

The state urges that the court articulated its reasons for the consecutive sentences when it read from the police report prior to sentencing appellant and, therefore, did not err in imposing consecutive sentences in this case.

The issue thus presented for our review concerns whether the court properly imposed its lawful sentences consecutively in this case.

A careful reading of R.C. 2953.08(C) suggests that it may conflict with R.C. 2929.14(E)(4).

R.C. 2953.08(C) states:

"In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) of section 2929.14 of the Revised Code *and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.* Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true." (Emphasis added.)

In contrast, R.C. 2929.14(E)(4) states:

"When consecutive prison terms are imposed pursuant to division (E)(1), (2) or (3) of this section, the term to be served is the aggregate of all of the terms so imposed."

Hence, the statutory authorization to impose consecutive sentences does not in any way restrict or limit the aggregate term of incarceration that a trial court can impose; thus, the grounds for leave to appeal a felony sentence found in R.C. 2953.08(C) have no basis in law, and such an appeal is not well taken because this court has no basis to limit the aggregate term of consecutively imposed criminal sentences. Furthermore, in this instance, appellant has not

sought leave to file this appeal and seeks review as an appeal of right. This part of the appeal, therefore, is not properly presented to our court for review.

Finally, R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence imposed if it imposes consecutive sentences. In this regard, R.C. 2929.14(E)(3) states:

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

Here, the trial court's recitation from the police report at the time it sentenced appellant fails to comply with the statutory requirements for imposition of consecutive sentences. R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct. Because this was not done in this case, we remand this matter to the trial court for resentencing of the appellant and the inclusion of such a finding if the court, in its discretion, decides to impose consecutive sentences in this matter.

Accordingly, we affirm the judgment of the trial court in imposing the sentences of seven years for felonious assault and four years for arson, but we remand the matter for resentencing of the appellant on the issue of whether

these sentences are to be consecutively imposed and the journalization of the court's finding on that matter.

*Judgment accordingly.*

O'DONNELL, P.J., and SPELLACY, J., concur.

TIMOTHY E. McMONAGLE, J., concurs in judgment only.