JOURNAL ENTRY AND OPINION
Appellant Raymond Rodgers appeals the decision of the trial court convicting him after his guilty plea to burglary and felonious assault and sentencing him accordingly. Rodgers assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM PRISON TERM FOR APPELLANT'S CONVICTION OF FELONIOUS ASSAULT BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCE AND THE SENTENCE IS CONTRARY TO LAW.
 II. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON TERMS FOR APPELLANT'S CONVICTION OF BURGLARY AND FELONIOUS ASSAULT BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCE AND THE SENTENCE IS CONTRARY TO LAW.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The trial court sentenced appellant to a total of ten years in prison after appellant pled guilty to burglary and felonious assault. Prior to sentencing, the trial court received a presentence report and made the following observation on the record at the sentencing hearing:
 THE COURT: All right. Mr. Rodgers, first of all, at least you are man enough to stand here and admit your guilt and admit you are sorry and say you are sorry. That's step one. However, I have to look at everything that happened in this case. I have received a letter from Miss Tutt. I have looked at those pictures. Those pictures are horrifying, the condition that she was in. You almost took this woman's life. A cable wrapped around her neck pulling her around, choking her to death, half to death. She is still here thank God. [sic]
 Yes, you are a very young man, Mr. Rodgers, but the law says when you are 18 years of age or older that you must answer to common pleas court. This is not juvenile court stuff we are dealing with when you commit murders and you will be out in X amount of time or do the type of conduct you have done in this case. So, now it's time to answer to the law and to the victim in this case.
 I find that you are in no way amenable to community control because of the nature of this offense, that you do pose a threat in the worst form of the offense that I can imagine having pled to felonious assault, the worst form of the offense I can imagine. Therefore, I think the maximum on the felonious assault is warranted. [sic]
 The felonious assault charge was reduced from attempted murder. I also find that the sentence that be imposed is necessary to protect the public, punish the offender and it is not disproportionate to the conduct.
Both of appellant's assigned errors will be addressed together because they raise the issue of whether the record supports a maximum sentence and supports consecutive sentences. We find that the record supports the trial court's judgment, and appellant's assigned errors are overruled.
The appellee State of Ohio indicted appellant for burglary and attempted murder. After the plea bargaining, appellant pled guilty to burglary and felonious assault. The record of this appeal shows the trial court obtained a presentence report. The record further shows the trial court specifically at the sentencing hearing detailed its reason for imposing the maximum sentence for appellant's crimes.
Under R.C. 2929.14(C), only offenders who committed the worst forms of the offense or who pose the greatest likelihood of committing future crimes may be given the maximum prison term.State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, appeal dismissed (1999), 85 Ohio St.3d 1442. Furthermore, if the sentencing court imposes the maximum authorized prison term for one offense, it must make a finding that gives its reasons for selecting the maximum sentence. R.C.2929.19 (B) (2) (d). See also State v. Garrard (1997), 124 Ohio App.3d 718,724; State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19, unreported. The trial court referred to a letter it had received from the victim and the photographs of her injuries as a result of the attack. The trial court referred specifically to appellant's attempt to murder the victim by placing a cable cord around her neck and choking her.
The court went on to say that community control is not an option for appellant; that he posed a threat in the worst form; and that the maximum sentence is necessary to protect the public, punish the offender, and is proportionate to his conduct. Accordingly, we conclude the trial court stated its reason for imposing the maximum and those reasons are detailed in the record.
Rodgers argues the trial court erred in imposing consecutive sentences for his convictions for burglary and felonious assault. "R.C. 2929.14[(E) (3)] requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct." State v.Albert (1997), 124 Ohio App.3d 225, 230; State v. Lundy (June 4, 1998), Cuyahoga App. No. 72689. The trial court made the following statement on the record regarding Rodgers' sentence:
 I also find that the sentence that be imposed (sic) is necessary to protect the public, punish the offender and it is not disproportionate to the conduct.
(Tr. 18.)
We conclude the record contains evidence that supports Rodgers' sentence and the trial court made the required statutory findings; accordingly, we find no error in the trial court's sentencing of Rodgers.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J. and PATTON, J. CONCUR.
 ___________________________________ PATRICIA BLACKMON JUDGE