JOURNAL ENTRY AND OPINION
Defendant Angelo Brown appeals from the judgment of the trial court which imposed consecutive sentences upon his convictions for two counts of domestic violence and one count of assault on a police officer. For the reasons set forth below, we affirm.
On February 3, 1999, defendant was indicted in case no. 372312 for one count of robbery and one count of domestic violence with a furthermore clause alleging a prior conviction for domestic violence. These charges arose in connection with an alleged assault upon Cheryl Hughey on October 2, 1998.
On March 24, 1999, defendant was indicted in case no. 373925 for two counts of domestic violence in connection with a June 25, 1998 incident allegedly involving Nicole Valentine. Both charges contained furthermore clauses alleging the prior conviction.
On April 5, 1999, defendant was indicted in case no. 374522 for assault on a peace officer with a peace officer specification, and escape in connection with an incident which allegedly occurred on March 4, 1999.
Defendant entered not guilty pleas in each matter. Thereafter, on June 2, 1999, defendant entered into a plea agreement with the state on each of the aforementioned indictments. Pursuant to the terms of this agreement, defendant pleaded guilty to one count of domestic violence upon Cheryl Hughey, one count of domestic violence upon Nicole Valentine, and assault on a peace officer with the peace officer specification. Thereafter, the trial court sentenced defendant to seven months incarceration on the first count of domestic violence, seven months incarceration on the second count of domestic violence and seventeen months on the assault charge. The court ordered all terms to run consecutively. Defendant now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.14(E)(4).
R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and provides in relevant part as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
R.C. 2929.19(B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
* * *
 (c) If it imposes consecutive sentences under section 2929.12
of the Revised Code, its reasons for imposing the consecutive sentences.
This Court in State v. Albert (1997), 124 Ohio App.3d 225,230, found that the trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences:
 R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.
In this case, the trial court stated as follows:
 THE COURT: Okay. Well, you have previously in two separate cases served a prison term so there are sentencing factors present that justify the imposition of a prison term in these cases.
 Now, I don't think minimum sentences are not statutorily required since you did previously serve a prison term. And I don't think they're appropriate here.
 When I look at all the recidivism factors, the seriousness factors and all the other things that Ohio law says I'm supposed to take into account, specifically I have to consider whether corrective terms ought to be considered. And they are, I find it necessary to protect the public and punish the offender. They're not disproportionate to the conduct and the danger that Mr. Angelo Brown poses, and I do find that his criminal history, the consecutive terms are needed to protect the public.
 And the reasons are that he was convicted of escape and served a prison term for that. He was convicted of aggravated assault and criminal trespass and he served a prison term for that.
 He had other charges that were dismissed and now he is before the court on three separate crimes of violence.
(Tr. 50-51).
In accordance with the foregoing, we conclude that the trial court complied with its duties pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) in sentencing defendant to consecutive terms of imprisonment. That is, the trial court specifically found that the consecutive sentences were necessary to protect the public from future crime, and to punish the offender. The court also specifically found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and the danger caused by the offenses. Finally, the court stated that it considered the relative seriousness of the conduct.
The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL J., AND BLACKMON, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE