JOURNAL ENTRY AND OPINION
Appellant, Aaron D. Gray, appeals from the judgment issued by the Cuyahoga County Court of Common Pleas convicting him of one count of aggravated vehicular homicide, in violation of R.C. 2903.06, and four counts of aggravated vehicular assault, in violation of R.C. 2903.08.
On March 2, 1999, while traveling at an excessive rate of speed, appellant drove his car through a stop sign and collided with an oncoming vehicle. The accident resulted in the death of Jessica McJunkins and caused serious injury to Gina Wiegand, David Cibula, Orlando Williams, and Kathryn Winzig. In January of 1999, the Cuyahoga County Grand Jury indicted appellant on one count of aggravated vehicular homicide, in violation of R.C. 2903.06; four counts of aggravated vehicular assault, in violation of R.C. 2903.08; and one count of involuntary manslaughter, in violation of R.C. 2903.04.
On August 2, 1999, appellant pleaded guilty to Count One (one count of aggravated vehicular homicide) and Counts Two, Three, Four, and Five (four counts of aggravated vehicular assault), and the trial court dismissed the charges for involuntary manslaughter. The trial court accepted appellant's plea and sentenced him to serve four years of incarceration at the Lorain Correctional Institution for Count One; eighteen months of incarceration for Count Two; and one year of incarceration for Counts Three through Five, respectively. The trial court ordered that the four-year sentence be served consecutive to the eighteen-month sentence and consecutive to one of the one-year sentences. The remaining one-year sentences were to be served concurrently to the above sentences. Therefore, the trial court sentenced appellant to a total of six and a half years of incarceration. From this judgment of conviction, appellant assigns the following error:
 THE APPELLANT'S SENTENCE IS CONTRARY TO OHIO LAW.
In appellant's sole assignment of error, he argues that the trial court's sentence must be vacated and the case remanded for resentencing because the trial court failed to make certain findings before it imposed consecutive sentences upon him. The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code its reasons for imposing the consecutive sentences; * * *
When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (2000), Cuyahoga App. No. 75193, unreported, citing State v. Albert (1997), 124 Ohio App.3d 225,705 N.E.2d 1274.
In the instant case, the trial court did not state that it believed that consecutive sentences were necessary either to protect the public from future crime or punish appellant. The trial court also did not state that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Lastly, the trial court did not specifically state that appellant was under post-release control for a prior offense; however, a review of the transcript from appellant's sentencing hearing indicates that the court was aware of this fact.
Comments made to appellant at his sentencing hearing demonstrate that the trial court considered appellant's criminal history and the seriousness of his conduct before sentencing him, and the record before us supports the trial court's decision to impose consecutive sentences; however, because the prosecutor, at oral argument, agreed with appellant's contention that the trial court did not comply with the statutes governing the imposition of consecutive sentences, we remand this case for resentencing so that the trial court can make the requisite findings pursuant to R.C. 2929.14(E)(4) and specifically state its reasons for those findings pursuant to R.C. 2929.19(B)(2)(c).
Accordingly, the sentence is vacated and cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. CONCURS JAMES D. SWEENEY, J. CONCURS