I concur with the majority to affirm appellant's convictions and the imposition of a maximum sentence. I respectfully dissent, however, with the majority decision to overrule appellant's second assignment of error as it relates to the imposition of consecutive sentences. In accordance with the strict sentencing guidelines set forth in R.C. 2929.14(E)(4), the trial court's imposition of consecutive sentences is clearly erroneous. State v. Albert (1997), 124 Ohio App.3d 225, 705 N.E.2d 1274
(imposition of consecutive sentences requires trial court to make all specific findings necessary under R.C. 2929.14(E)(4)[a]-[c]; State v. Lacey (Aug. 23, 2001), Cuyahoga App. No. 78448, unreported, 2001 Ohio App. Lexis 3714; State v. Colon (Aug. 9, 2001), Cuyahoga App. No. 77779, unreported, 2001 Ohio App. Lexis 3486. R.C. 2929.14(E)(4) requires the trial court to make very specific findings on the record before it can properly impose consecutive sentences. The statute states:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)
The conjunctive nature of the statute requires parsing in order to understand precisely what a sentencing court must say before it imposes consecutive sentences. The court must find that [1] consecutive sentences are necessary to protect the public from future crime or to punish the offender and * * * [2] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and [3] they are not disproportionate to the danger the offender poses to the public * * *. The court need not use the exact wording set forth in the statute, but it must satisfy the three requirements of this section. The court may also, though not required, mention any of the criteria set forth in subsections (a)-(c) if it finds any applicable.
In the case at bar, the trial court, upon sentencing, stated, in part:
 Therefore, I find that you have served a prior prison term. You keep committing the same type of theft offenses. And, therefore, I feel a long sentence is necessary in order to protect the public from your committing this type of crime.
 On count one I sentence you to 17 months at LCI. And count two I'm going to sentence you to 12 months at the Lorain Correctional Institution. And because recidivism is likely, I'm going to order that time to be run consecutive.
The trial court's statements at sentencing do not meet the specific findings which must be articulated before a term of consecutive sentences can be imposed. The trial court's reference to appellant's recidivism' satisfies the first part of the statute, that is, that imposition of consecutive sentences is proper because appellant is likely to commit the same type of crimes in the future and the public should be protected from that likelihood. The trial court, however, made no mention of the fact that consecutive sentences would be necessary under the remaining portions of the statute. The court said nothing about appellant's consecutive sentences not being disproportionate to the seriousness of appellant's offenses and to the danger he poses to the public. For these reasons, I would vacate appellant's term of consecutive sentences and remand for resentencing in accordance with R.C. 2929.14(E)(4).