ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, Ernest Watson, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which imposed consecutive sentences upon him.
On December 2, 1999, appellant pleaded guilty to several offenses set forth in the following three cases:
 (1) Case No. CR-377918 — attempting to receive stolen property, in violation of R.C. 2923.02/2913.51, a fifth degree felony;
 (2) Case No. CR-383120 — receiving stolen property, in violation of R.C. 2913.51, a fourth degree felony; and failure to comply with order/signal of police officer, in violation of R.C. 2921.331, a fourth degree felony; and
 (3) Case No. CR-383863 — receiving stolen property, in violation of R.C. 2913.51, a fourth degree felony.
The trial court imposed the respective terms of incarceration upon appellant: (1) six months for attempting to receive stolen property; (2) twelve months for receiving stolen property and twelve months for failure to comply; and (3) twelve months for receiving stolen property. The court ordered the terms in Case No. CR-383120 to run concurrently. It also ordered the terms in Case No. CR-377918 and Case No. CR-383863 to run consecutively to the terms imposed in Case No. CR-383120. From his sentence, appellant assigns the following error:
 I. THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE PRISON TERMS [SIC] FOR APPELLANT, ERNEST WATSON'S CONVICTION IN CASE NO. CR-383863 BECAUSE THE RECORD DOES NOT SUPPORT THE SENTENCE AND THE SENTENCE IS CONTRARY TO LAW.
In appellant's sole assignment of error, he argues that his sentence is contrary to law because the trial court failed to make certain findings before it imposed consecutive sentences upon him. He argues that this court should modify his sentence to run his twelve-month term of incarceration for the offense of receiving stolen property in Case No. CR-383863 concurrent to his aggregate eighteen-month term for the offenses of attempting to receive stolen property, receiving stolen property, and failure to comply with order or signal of police officer in Case No. CR-377918 and Case No. CR-383120. The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutivelyif the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code its reasons for imposing the consecutive sentences; * * *
When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (2000), Cuyahoga App. No. 75193, unreported, citing State v. Albert (1997), 124 Ohio App.3d 225,705 N.E.2d 1274.
In the instant case, the trial court did not state that it believed that consecutive sentences were necessary either to protect the public from future crime or punish appellant. The trial court also did not state that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Lastly, the trial court did not specifically state that the appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
Although comments made to the appellant at his sentencing hearing demonstrate that the trial court considered appellant's criminal history before sentencing him, and the record before us supports the trial court's decision to impose consecutive sentences, the trial court did not comply with the statutes governing the imposition of consecutive sentences. Furthermore, the prosecution concedes this point. Therefore, we remand this case for resentencing so that the trial court can make the requisite findings pursuant to R.C. 2929.14(E)(4) and specifically state its reasons for those findings pursuant to R.C. 2929.19(B)(2)(c).
Accordingly, the sentence is vacated and the cause is remanded for resentencing.
The sentence is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., CONCURS. ANN DYKE, J., CONCURS IN JUDGMENT ONLY.