JOURNAL ENTRY AND OPINION
Defendant-appellant, Michael Sweeney, appeals from his convictions, pursuant to a plea of guilty, for attempted rape, rape, corruption of a minor and child endangering. Appellant contends that the trial court erred in imposing consecutive sentences for these offenses because it did not make the findings required by R.C. 2929.14 for imposing consecutive sentences.
Appellant was indicted on September 9, 2000 on a fifteen-count indictment. Counts one, three, six, twelve and fourteen charged appellant with kidnapping, in violation of R.C. 2905.01; these counts all contained a sexual motivation specification and sexually violent predator specification, in violation of R.C. 2971.01(K) and R.C. 2971.01(I). Counts two, four, five, seven, eight, nine and thirteen charged appellant with rape, in violation of R.C. 2907.06, and counts ten, eleven and fifteen charged appellant with gross sexual imposition, in violation of R.C.2907.05. The five victims of appellant's offenses were all under the age of ten.
On January 16, 2001, appellant pled guilty to four amended counts and stipulated to a finding that he was a sexual predator. On February 22, 2001, appellant appeared for sentencing and made an oral motion to withdraw his plea, however, which the trial court granted.
Subsequently, on April 25, 2001, after one and a-half days of trial, appellant again entered a plea of guilty to the same amended counts that he had earlier pled guilty to.
On April 30, 2001, the trial court sentenced appellant to seven years incarceration for attempted rape (count two), eight years incarceration for rape (count four), eighteen months incarceration for corruption of a minor (count seven) and six months incarceration for child endangering (count fifteen). The trial court ordered the sentences for counts two, four and seven to be served consecutively, with the sentence for count fifteen to run concurrently, for a total term of sixteen and one-half years incarceration.
This appeal followed. Appellant's single assignment of error states:
 MICHAEL SWEENEY WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONSECUTIVE SENTENCES, AS SAID SENTENCES DO NOT COMPORT WITH OHIO NEW'S SENTENCING STRUCTURE.
Appellant asserts that the trial court erred in imposing consecutive sentences because it failed to give its reasons, as mandated by statute, for imposing consecutive sentences. We agree.
R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single court of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In State v. Albert (1997), 124 Ohio App.3d 225, 230, this court found that the trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences:
 R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.
In addition to making these findings before imposing consecutive sentences, pursuant to R.C. 2929.19(B)(2)(c), the trial court must also state the reasons that support its findings. State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported.
Here, in imposing sentence, the trial judge stated:
 I don't know what in your mind either made you withdraw your plea, then go back and force this young victim to have to testify. Although however difficult it was for Nicholas, it was very enlightening to the Court because I don't know how else I would have known that there was already another victim, another cycle starting, because it didn't appear in any of the indictments and I may not have ever known that. But that factor is sure one that gives this Court pause, and it's sure a factor that I don't believe those legislators down in Columbus would have ever even dreamt of when they were tying the Court's hands as to what the Court can and cannot do when it meets people who are such a serious threat to our community.
 And when I go through the factors that they say I must, I note that this is your first felony conviction. And, according to them, when there is a first felony conviction in front of me, I should be giving the minimum sentence. However, I think that the public deserves much more thought than such a bright-line test as number of prior convictions.
* * *
 From at least January 16, 2001, till April 25th, you have shown to this Court a total lack of remorse, a total lack of remorse. What you may have shown to others for a longer period I can't say, but I'm saying from the date of your original plea until April 25th, all I saw was a total lack of remorse.
 I also find that the injury to the five — let me say six victims — was indeed worse due to their physical and mental ages and conditions of those victims. The victims ranging in age anywhere from three to fourteen, as I recall.
 These victims will and already have suffered serious physical, psychological harm as a result of this offense. You did hold a position of trust to these victims insofar as that you were the live-in or almost always live-in boyfriend of their mother and caregiver, Mary.
 You were indeed, as the prosecutor, I think, used in her opening statement, the wolf in sheep's clothing to these children. This offense, while it is not an offense normally characterized as a domestic violence, but it is a worse offense, quite frankly, in this Court's view, done to a member of the household that you were attempting to become a part of through your relationship with Mary.
 For all those reasons, this Court finds that the minimum sentences in this case would demean the seriousness of these offenses, would not protect the community from you, and would, in fact, not serve to punish you as well. And for all of those reasons, this Court is going to enter more than the minimum sentences and will run some of them consecutively.
As the foregoing statement makes clear, in sentencing appellant, the trial court addressed the requirements of R.C. 2929.14(B) and R.C.2929.19(B)(2)(d) for imposing the maximum sentence upon a first-time offender.[1] It did not, however, engage in the statutory analysis required by R.C. 2929.14(E)(4) for imposing consecutive sentences. Indeed, the trial court's statement that for all those reasons, this Court finds that the minimum sentences in this case would demean the seriousness of these offenses, would not protect the community from you, and would, in fact, not serve to punish you as well, indicates that the trial court was considering the propriety of imposing a maximum sentence on a first-time offender, not consecutive sentences.
Accordingly, the sentence is vacated and the case is remanded for resentencing.
Sentence is vacated and the cause is remanded for resentencing for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, as in this case, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. In addition to making these findings, the trial court, pursuant to R.C.2929.19(B)(2)(d), must also state the reasons that support its finding. State v. Parker (June 7, 2001), Cuyahoga App. Nos. 78257, 78809, unreported.