JOURNAL ENTRY and OPINION
On November 30, 1998, the Cuyahoga County Grand Jury indicted appellant Ricardo Gray on one count of aggravated murder with a firearm specification and two counts of attempted aggravated murder with a firearm specification. The charges arose out of the shooting death of James D. Russell and the attempted shooting of Arthur Jackson and Mike LNU (last name unknown), following an altercation between two groups of young men.[1] Appellant entered a not guilty plea and proceeded to trial.
The case was heard by a jury on February 8, 1999. On February 18, 1999, the jury found appellant not guilty of aggravated murder and attempted aggravated murder. However, the jury found appellant guilty of the lesser included offense of murder with a weapon specification and felonious assault with a weapon specification. After the jury verdict, the court proceeded to sentencing and sentenced appellant to fifteen years for murder, five years for felonious assault and three years for each weapon specification which were merged. The court further ordered that the felonious assault sentence was to run consecutive to the sentence on the murder charge.
On March 22, 1999, appellant, represented by new counsel, timely appealed his conviction. In an opinion journalized on August 7, 2000, this court affirmed that conviction. Thereafter, on September 11, 2000, appellant, represented by new counsel, appealed to the Supreme Court of Ohio which denied the appeal on December 7, 2000.
Previously, on October 31, 2000, appellant applied to reopen the judgment of this court in State v. Gray (July 27, 2000), Cuyahoga App. No. 76170, unreported. On September 17, 2001, this court granted, in part, appellant's application for reopening. Pursuant to our opinion, appellant now raises the following error:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE SENTENCES WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA.
"Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported; see, also, State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported; State v. Maynard (Mar. 16, 2000), Cuyahoga App. No. 75122, unreported; State v. Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678, unreported; State v. Lockhart (Sept. 16, 1999), Cuyahoga App. No. 74113, unreported; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469, unreported.
R.C. 2929.14(E)(4) states:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the revised code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
While the court does not need to use the exact wording as used in the statute, it must satisfy the three requirements in this statute before it can impose consecutive sentences.
In the case at bar, the trial court record indicates that the court, after the jury found appellant guilty, proceeded immediately to sentencing where the following exchange took place:
 COURT: All right. Mr. Gray, first of all, you have been found guilty by a jury of twelve of murder with two gun specifications, as well as felonious assault with two gun specifications.
* * *
 COURT: Before sentence is imposed, Miss Johnson, is there anything you would like to say?
 MS. JOHNSON: Well, first of all, just procedurally, I would move at this time that those gun specifications merge into one. I'd like it to be the first one, but I'm sure it will be the second. Certainly, not both of them. So I would move the gun specs be merged into the larger one.
COURT: Any objection?
MR. DELBALSO: No, your Honor.
 COURT: They will be merged into the three year specification.
 MS. JOHNSON: Your Honor, you heard the trial. You have been very patient, and we took up a lot of your time. I don't know what else to say except my client has maintained throughout the trial and does at this time maintain his innocence. And I know this is something you have to do. And so I would ask you to be as merciful as you can.
COURT: What would you like to say?
 DEFENDANT: Your Honor, I feel that I can't say nothing. I don't have too much to say, your Honor. I don't have anything to say.
 COURT: On behalf of the State of Ohio, Mr. Delbalso or Miss Mahaney?
 MR. DELBALSO: The state realizes that to be the homicide conviction, the sentence is set.
 COURT: And that is fifteen years to life; is that correct?
 MR. DELBALSO: Plus the three years for the gun. The felonious assault, there is a time span of that. The State would request that whatever sentence is imposed on the felonious assault, that it be served consecutive with the murder.
 COURT: All right. On count one, the murder, it's fifteen years to life plus three years for the gun specification. The gun specification will be served prior to and consecutive to the fifteen years for the murder.
 The gun specification in count two will merge with the gun specification in count one.
 And on count two, the felonious assault, I sentence the defendant to five years. That will be served consecutive to the sentence on the murder charge.
 On behalf of the defense, is there anything else?
MS. JOHNSON: Nothing further.
COURT: On behalf of the State of Ohio?
MR. DELBALSO: Nothing further.
COURT: All right. Please rise.
As the record demonstrates, none of the required findings pursuant to R.C. 2929.14(E) were made. The court failed to justify its decision imposing consecutive sentences for the felonious assault offense and the murder charge[2]. In response, the state of Ohio argues that this sentence issue is barred under the doctrine of res judicata. However, as we noted in our opinion in appellant's application to reopen, circumstances may render its application unjust. In this matter, we again find that the court's failure to apply the appropriate sentencing criteria can rarely be described as just.
Accordingly, we vacate appellant's sentence and remand for resentencing.
The appellant's sentence is vacated and remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] The state of Ohio moved to dismiss without prejudice count two of the indictment charging appellant with attempted aggravated murder against Mike LNU which was granted by the court.
[2] It ought be noted that substitute appellant's counsel was masterful in the manner within which he addressed the court and responded to the panels' questions.