JOURNAL ENTRY and OPINION.
{¶ 1} On November 27, 1998, the appellant Shannon Drake was indicted for aggravated robbery and felonious assault, both with one year and three year firearm specifications. The defendant pled not guilty and the matter proceeded to trial on April 21, 1999. The appellant was convicted of both charges, but was acquitted of the specifications. The appellant was then sentenced to ten years incarceration for the aggravated robbery charge and five years incarceration for the felonious assault charge. The judge further ordered that the sentences were to run consecutive.
 {¶ 2} On December 30, 1999, the appellant timely appealed his conviction. In an opinion journalized on February 20, 2001, this court affirmed the conviction. Thereafter, on March 23, 2001, the appellant appealed to the Supreme Court of Ohio which denied the appeal on June 21, 2001.
 {¶ 3} Previously, on May 9, 2001, the appellant filed an application pursuant to App.R. 26(B) to reopen the judgment of this court in State v. Drake (Feb. 8, 2001), Cuyahoga App. No. 77460. On January 9, 2002, this court granted in part appellant's application to reopen. Pursuant to our opinion, the appellant raises the following error:
 {¶ 4} "I. Appellate counsel provided ineffective assistance by failing to raise the trial court's imposition of maximum, consecutive sentences without making the necessary findings in violation of R.C.2929.14 and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 5} The first issue raised by the appellant is that the court erred by imposing consecutive sentences. In the matter, sub judice, the court engaged in the following colloquy: "* * * with regard to the aggravated robbery, according to the docket in this particular case, you were a member of a gang, targeting a victim who was pistol whipped, held and robbed, and then the home was burgled (sic) by you and your cohorts. And as a gratuitous act of violence, for a second time the victim was pistol whipped and beaten and that led to the charges of aggravated robbery.
 {¶ 6} "I find that the facts of this case, considering that you were involved with gang activity, targeting this victim, and the gratuitous violence involved in the commission of the offense, merits you — and in light of your egregious criminal history ten years incarceration at LCI.
 {¶ 7} "By operation of law, you receive credit for time served. The court finds that you are a risk to other members of decent society, and also a risk for a repeat offense.
 {¶ 8} "With regard to the offense of felonious assault, the court finds that there was a separate animus for the offense of felonious assault, based on the facts of this case, that you pistol whipped this victim after he was down on the ground, and that you were nothing but viciously brutal to the victim. So you are sentenced to five years at LCI. That will be consecutive to the aggravated robbery charge, for which sentence is imposed."
 {¶ 9} According to R.C. 2929.14(E)(4), if multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the revised code, or was under post-release control for a prior offense.
 {¶ 11} "(b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 13} "Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556; see, also, State v. Albert (1997), 124 Ohio App.3d 225,705 N.E.2d 1274; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193;State v. Maynard (Mar. 16, 2000), Cuyahoga App. No. 75122; State v.Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678; State v. Lockhart
(Sept. 16, 1999), Cuyahoga App. No. 74113; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469.
 {¶ 14} The State of Ohio asserts that the court did make the necessary findings to justify consecutive sentences. As to the first finding, the state argues that the court found that the appellant is a "risk to other members of decent society * * *." However, as we previously stated in our opinion to reopen the appeal, the court's finding that the appellant is "a risk to other members of decent society, and also at risk for a repeat offense," satisfied that statutory requirement for imposing a maximum sentence for aggravated robbery. See State v.Drake (Feb.8, 2001), Cuyahoga App. No. 77460, reopening granted in part (Jan 9, 2002), Motion Nos. 27865 and 28302.
 {¶ 15} The court failed to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Accordingly, the trial court did not make the necessary findings on the record to satisfy the criteria imposed by R.C. 2929.14(E)(4), and the appellant's first assignment of error as to consecutive sentences is well founded.
 {¶ 16} The second issue raised by the appellant is that he incorrectly received the maximum sentence for aggravated robbery. Because we previously addressed this issue in the application to reopen and found it to be without merit, we will not revisit the issue.
 {¶ 17} Accordingly, in this case, we affirm the judgment of the court in imposing the sentences of ten years for the aggravated robbery and five years for the felonious assault. However, based upon the foregoing analysis, we remand the matter to permit the trial court to make and journalize its findings in accordance with R.C. 2929.14(E)(4) and 2929.19(B)(2)) as to whether the sentences should be consecutive or concurrent.
 {¶ 18} Judgment accordingly.
TERRENCE O'DONNELL, J., CONCURS.
DIANE KARPINSKI, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION.