{¶ 12} I respectfully dissent from the majority in this case. When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4164; see, also, State v. Beck (March 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997), 124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined in the majority opinion, before a defendant can be properly sentenced to consecutive terms. However, in State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998),81 Ohio St.3d 1443, the appellate court determined that the S.B. 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence.
 {¶ 13} I believe that the record and the trial court's stated reasons and findings support the imposition of consecutive sentences. The court obviously took into account the presentence investigation report, psychiatric evaluation, the victim impact statement and the statement of the appellant in making its sentencing determination. The trial judge cites the "nature of the offense" and the "dynamics of that evening" as reasons for imposing consecutive sentences. Further, he goes on to state that consecutive sentences are necessary to protect the public and punish the offender. Finally, the court noted that the extent of harm done to the victim was such that no single prison term could adequately reflect the seriousness of the appellant's conduct. That he did not use the word "disproportionate" while making the findings does not negate the fact that the trial judge obviously undertook the appropriate analysis prior to making the sentencing findings. The record is not totally devoid of the necessary language, and I do not find the trial court's statements merely "conclusory." Therefore, I would not sustain the appellant's assignments of error and would affirm the sentence.
It is ordered that the appellant recover from appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.