{¶ 87} Although I concur with the majority opinion's resolution of appellant's other assignments of error, I respectfully dissent from its decision to sustain any portion of appellant's third or fourth assignments of error, and, further, would arrive at a different solution to the problem presented in appellant's eleventh assignment of error. In my view, I respectfully disagree with the majority opinion's analysis with respect to these assignments of error.
 {¶ 88} I first address the majority opinion's disposition of appellant's third assignment of error. It is axiomatic that, on appeal, jury instructions are to be viewed in their entirety rather than in artificial isolation. The trial court in this case correctly instructed the jury as to the elements of rape for the first count. Immediately thereafter, however, in discussing the elements of the second count, which was also that of rape, the trial court inadvertently omitted the language it had given just previously about insertion of body parts.
 {¶ 89} To my view, the context is crucial to appellant's initial argument. The jury just had been instructed the two offenses charged appellant with the same crime, viz., rape. Earlier, the prosecutor correctly had given the jury the omitted information and stated the elements of the two charged offenses were identical, all without objection from appellant. Finally, after the entire instruction had been given to the jury, appellant raised no challenge to any portion, including the omission.
 {¶ 90} Since in context the error clearly was inadvertent, the jury arrived at the proper conclusion, and appellant failed to bring the error to the trial court's attention at a time when it could have been corrected, I would reject appellant's initial argument with respect to his third assignment of error.
 {¶ 91} I also would point out that the extensive discourse on appellant's remaining argument with respect to his third assignment of error is unnecessary. The victim's specific testimony on direct examination that appellant "put his tongueinside [her] vagina" before he "moved it around" constitutes sufficient evidence of the offense of rape. The majority acknowledges this is a part of the statutory definition of "sexual conduct."
 {¶ 92} The victim's later equivocation occurred during extensive cross-examination, when she was questioned concerning whether appellant's tongue passed through his lips onto the lips of only her vulva rather than actually into her vagina. By that point, she certainly could have been confused by the phrasing of the question. Moreover, even some adult females could not have made that particular distinction!
 {¶ 93} Nevertheless, it cannot serve on appeal to negate the sufficiency of her previous testimony regarding appellant's conduct. The majority opinion's lengthy exposition serves only to confuse the reader.
 {¶ 94} I, therefore, simply would reject both of appellant's arguments and overrule his third assignment of error in its entirety. On that basis, I would also reject his fourth assignment of error in its entirety, and, accordingly, affirm appellant's convictions.
 {¶ 95} Furthermore, I disagree with the majority opinion's disposition of appellant's final assignment of error. Appellant correctly points out that, despite the journal entry which indicates otherwise, the trial court neglected to inform him of post-release control during the sentencing hearing; he requests this panel to follow decisions that have found such a failure on the trial court's part exempts him from the requirement. In other words, he urges this court to determine the trial court's oral omission means that he is not subject to the statutory mandate of post-release control. See State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402. The majority opinion complies.
 {¶ 96} Other decisions of this court, however, have determined the trial court is not free to disregard the mandate, and that the case must be remanded in order that the defendant orally be informed of the requirement. State v. Albert (1997),124 Ohio App.3d 225. The issue currently is pending before the supreme court for decision. State v. Finger,99 Ohio St.3d 1470, 2003-Ohio-3801.
 {¶ 97} Under these circumstances, I would affirm appellant's sentence, but remand the case for a resentencing hearing with instructions to the trial court to comply with R.C. 2967.28.