JOURNAL ENTRY AND OPINION
{¶ 1} On September 24, 2003 Ernest McCauley filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. McCauley
(Jun. 19, 2003), Cuyahoga App. No. 80630. In that opinion, we affirmed the lower court's judgment finding McCauley's guilty of one count of having a weapon while under a disability; one count of tampering with evidence; and one count of obstruction of justice. On November 24, 2003, The State of Ohio, through the Cuyahoga County Prosecutors Office, filed a memorandum of law in opposition to the application for reopening. For the following reason, we decline to reopen McCauley's original appeal.
 {¶ 2} McCauley fails to establish that his appellate counsel was ineffective. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 5} In his lone assignment of error, McCauley asserts that he was deprived of his liberty without due process of law when the trial court imposed a consecutive sentence that didn't comport with Ohio's new felony sentencing law. According to respondent, "* * * although it correctly stated the appropriate statutory language, it failed to give its reasons for making the statutory findings. We disagree.
 {¶ 6} "Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556; See also State v. Albert (1997), 124 Ohio App.3d 225,705 N.E.2d 1274; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193;State v. Maynard (Mar. 16, 2000), Cuyahoga App. No. 75122; State v.Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678; State v. Lockhart
(Sept. 16, 1999), Cuyahoga App. No. 74113; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469.
 {¶ 7} According to R.C. 2929.14(B)(4),
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the revised code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 8} After reviewing the sentencing record, we find that the lower court did not just cite the appropriate statutory language but also gave reasons for the imposed sentence. In sentencing McCauley, the court considered McCauley's conduct and surrounding circumstances of the crime; and McCauley's prior criminal record. After considering these factors, the court found that consecutive sentences were necessary to protect the public; that the defendant exhibited a high risk for recidivism; and specifically stated that consecutive sentences were not disproportionate to the defendant's conduct (Tr. 1134-1148). Accordingly, we find that counsel was not ineffective for choosing not to include this assignment of error in the direct appeal.
 {¶ 9} McCauley's application to reopen is denied.
Sweeney, J., Concurs.
 Mcmonagle, J., Concurs.