OPINION
The Ashtabula County Court of Common Pleas issued a warrant for the arrest of appellant, Ronnie Joe Watson, his brother, Robert Watson, and Clay Anthony Marteny for the October 5, 1997 armed robbery of the Dairy Mart store on Route 193 in North Kingsville. During the robbery, a Dairy Mart employee, Charlotte Hackathorne, was shot in the arm by appellant. Appellant and his brother were arrested in West Virginia, and subsequently transported to the Ashtabula County Jail, on November 21, 1997.
On December 4, 1997, the Ashtabula Grand Jury indicted appellant for: felonious assault, in violation of R.C. 2903.11(A)(2); attempted murder, in violation of R.C. 2923.02(A); kidnapping, in violation of R.C.2905.01(B)(2); and, aggravated robbery, in violation of R.C. 2911.01(A)(1). A jury trial commenced on February 10, 1998. On February 13, 1998, the jury returned a verdict of guilty on all charges. On June 11, 1998, appellant was sentenced to seven years incarceration for attempted murder and five years incarceration for aggravated robbery, with the sentences to run consecutively. The remaining offenses were merged.
Appellant appealed the judgment of conviction and the sentence imposed. On August 4, 2000, we sustained appellant's conviction, but reversed and remanded for resentencing. Upon remand, the Ashtabula County Court of Common Pleas imposed the same consecutive sentences. From this judgment, appellant assigns the following error:
 "[1.] The trial court erred by imposing consecutive sentences upon appellant."
 "R.C. 2929.14(E)(4) mandates the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct." State v. Albert (1997), 124 Ohio App.3d 225, 230.
 This court has held that, to comply with R.C. 2929.14(E), "the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." State v. Kase, (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, 1998 Ohio App. LEXIS 4498 at *4. "A sentence which repeats the language of R.C. 2929.14(E)(3) without any indicia of a consideration of the factors set forth would be insufficient." Id.
To comply with R.C. 2929.14(E)(4), the court must make three findings. See State v. Haugh, (Jan. 24, 2000), Washington App. No. 99CA28, unreported, 2000 Ohio App. LEXIS 256. "First, the sentencing court must find that consecutive sentences are `necessary to protect the public' or to `punish the offender'; second, the court must find that the consecutive sentences are `not disproportionate' to the seriousness of the offender's conduct and the `danger' he poses; and finally, the court must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, unreported, 2000 Ohio App. LEXIS 5210, at *5, citingHaugh, supra. In R.C. 2929.14(E), the verb "find" means that the court must note that it engaged in the statutory analysis. See, e.g., Statev. Edmunson (1999), 86 Ohio St.3d 324, 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported, 2000 Ohio App. LEXIS 1386.
When imposing consecutive sentences, the court must also comply with R.C. 2929.12(B)(2)(c), which requires that it "make a finding that gives its reasons for selecting the sentences imposed * * *." This requirement, that a court give its reasons for selecting consecutive sentences, under R.C. 2929.19(B)(2), is separate from the findings required by R.C. 2929.14(E). Brice, supra. "Thus, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms." Hiles, supra, at *6.
In this case, the trial court stated in its second judgment entry "that consecutive sentences are needed to protect the public" and explained that: the harm suffered was great; the victim was physically and psychologically injured; and, appellant had completed the robbery when he shot the victim through a glass door due to his mistaken belief that she had activated a burglar alarm. Additionally, at the sentencing hearing, the court considered: appellant's extensive criminal history, including three prior felony convictions; the likelihood of recidivism as a result of appellant's criminal history; and, the degree to which the victim was traumatized as a result of the incident. Consequently, we conclude that the trial court made the requisite findings necessary to comply with R.C. 2929.14(E) and 2929.19(B)(2); thus, it did not abuse its discretion in imposing consecutive sentences. While no objection was raised in this case, we advise the prosecutor that, when a case is remanded with instructions to comply with the sentencing statutes, evidence previously presented to the court must again be placed on the record.
For the foregoing reasons, the judgment of the trial court is affirmed.
JUDGE ROBERT A. NADER
O'NEILL, P.J., GRENDELL, J., concur.