OPINION
The defendant-appellant, James Q. Ford, appeals the judgment of the Shelby County Court of Common Pleas, sentencing him to a total of twenty-four months in prison after he pled guilty to two counts of Trafficking in Drugs, in violation of R.C. 2925.03. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history are as follows. On December 15, 2000, the Shelby County Grand Jury returned an eight-count indictment against Ford for drug related offenses. Four of the counts were for Trafficking in Drugs, in violation of R.C. 2925.03, a felony of the fourth degree. The remaining charges were for violations of R.C. 2925.07, Preparation of Drugs for Sale, also a fourth degree felony. On April 30, 2001, the appellant entered a guilty plea to the charge of Trafficking in Drugs (Count I), a violation of R.C. 2925.03, a fourth degree felony, and to the amended charge of Trafficking in Drugs (Count III), a violation of R.C. 2925.03, a fifth degree felony.
On June 7, 2001, the trial court sentenced the appellant to a stated prison term of seventeen months as to Count I, and seven months as to Count III.
The appellant now appeals, presenting the following two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I 1. The Court did not adequately state the reasons justifying the sentence given the Appellant.
 ASSIGNMENT OF ERROR NO. II 2. The Trial Court erred in sentencing the Appellant to consecutive sentences.
The appellant argues that the record does not support the trial court's decision to impose the maximum possible prison sentence or the trial court's decision that the two sentences should be served consecutively. Thus, he asserts that his sentence is contrary to law.
The appellant asserts that the trial court failed to make the requisite R.C. 2929.14(C) findings essential for the imposition of maximum sentences. This argument fails because the appellant was not given the maximum sentence on either count. The appellant was given a seventeen month sentence for Count I, a fourth degree felony. R.C. 2929.14(A)(4) provides that the maximum sentence for a fourth degree felony is eighteen months. The court sentenced the appellant to seven months on Count III, a felony of the fifth degree. The maximum sentence for a felony of the fifth degree is twelve months. Pursuant to R.C. 2929.14(B), the court found that the appellant had previously served time in prison. Therefore, we find that the length of the sentences are in compliance with the law and that the record supports the court's mandated findings.
The appellant also contends that the trial court erred by failing to make a record of its reasoning for imposing consecutive sentences. Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E) states, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 * * *
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, when a trial court imposes consecutive sentences, the trial court must state on the record its reasons for doing so.[1]
At the sentencing hearing, prior to imposing consecutive sentences, the court noted the following:
 THE COURT: This is not your first scrapes [sic] with the law. Even as a juvenile — as a juvenile you had a convict [sic] — when you were seventeen you had a conviction for rape and then as a — as an adult, `92, assault; `94, aggravated trafficking in cocaine. You were charged that in `94. The case was dismissed, as you well know, because the C.I. was murdered. Wilma Arnett was the C.I. in the case, but you were charged with aggravated trafficking in cocaine back in `94. That case did not come to trial.
 I see convictions in `94 for disorderly conduct and another one for assault in `94. Assault again in 1995, `96 it's resisting arrest, disorderly conduct; in `96, it's drug abuse; in'97 you're before this court for three counts of tracking [sic] in drugs, I sent you to prison for two years. * * * Mr. Ford, based on that criminal record, I can't — I can't consider community sanctions.
 * * *
 Because the Court deems it's necessary to protect the public and to punish you, the Court feels that the term of incarceration should run consecutive.
The court's recitation of the appellant's criminal history does not qualify as a statement of reasons.[2] And, as mentioned above, the court is required to state its grounds supporting each finding made. The court's stated logic may be adequate to support the findings related to why incarceration is preferable to community sanctions, but the court did not explain why consecutive sentences were not disproportionate to the severity of the offenses.[3]
Accordingly, the appellant's second assignment of error is affirmed.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand for resentencing in accordance with this opinion.
Judgment reversed.
SHAW, P.J. and WALTERS, J., concur.
[1] R.C. 2929.19(B)(2)(c); State v. Jones (2001), 93 Ohio St.3d 391,399.
[2] State v. Albert (1997), 124 Ohio App.3d 225, 230.
[3] R.C. 2929.14(E)(4).