JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Renard Tomlin, appeals the decision of the juvenile court in its determination that he was not amenable to the juvenile system. He further appeals the decision in the general division of the court of common pleas in sentencing him to a total term of incarceration of 12 years. For the reasons set forth below, we affirm in part, reverse in part, and remand for further reconsideration of the imposition of consecutive sentences.
 {¶ 2} This case stems from an incident which occurred on September 4, 2000 at 1383 E. 171 Street in Cleveland, Ohio. That night, Tomlin and an accomplice convinced the victim, Peter Akinyele, Tomlin's 67-year-old neighbor, to let them into his home under the guise of using his telephone.
 {¶ 3} After Tomlin and his accomplice entered the home, they grabbed the victim and robbed him at gun point (a BB gun was used although the victim thought it was a real gun). During the robbery, Tomlin cut the victim's throat, tied him up, and, with the assistance of his accomplice, carried the victim downstairs to the basement. After leaving the victim in the basement, Tomlin and accomplice set the victim's home on fire.
 {¶ 4} Tomlin then attempted to steal the victim's car, but chose to set it on fire instead because neither he nor his accomplice were capable of driving a standard transmission vehicle. Tomlin and his accomplice then fled from the scene.
 {¶ 5} The fire department responded to the victim's home because of a call they received about a car fire. Upon arriving on the scene, they noticed that the house was on fire as well. A fireman entered the home to take care of the house fire, at which point they heard the victim screaming downstairs. The fireman freed the victim and carried him up from the basement. The victim was subsequently hospitalized for his injuries.
 {¶ 6} Tomlin was charged in the juvenile court division of the court of common pleas in a four-count complaint: count one, attempted aggravated murder, in violation of R.C. 2903.01 and 2923.02; count two, kidnaping, in violation of R.C. 2905.01; count three, aggravated arson, in violation of R.C. 2909.02; and count four, aggravated burglary, in violation of R.C. 2911.11.
 {¶ 7} On October 10, 2000, a probable cause hearing was conducted at which the court concluded that there existed probable cause to believe that Tomlin committed the crimes as charged. On November 16, 2000, an amenability hearing was conducted by the juvenile court. At the conclusion of the hearing, the court found that Tomlin was not amenable to the juvenile court system, and his case was transferred to the general division of the court of common pleas.
 {¶ 8} On January 9, 2001, Tomlin was indicted by the Cuyahoga County Grand Jury in a seven-count indictment including: count one, aggravated burglary, in violation of R.C. 2911.11; count two, aggravated robbery, in violation of R.C. 2911.01; count three, kidnaping, in violation of R.C. 2905.01; count four, attempted murder, in violation of R.C. 2923.02 and 2903.02; count five, aggravated arson, in violation of R.C. 2909.02; count six, aggravated arson, in violation of R.C. 2909.02, and count seven; arson, in violation of R.C. 2909.03. Tomlin pled not guilty to all charges of the indictment.
 {¶ 9} Later, on March 9, 2001, Tomlin entered guilty pleas to the following counts of the indictment: count one, a first degree felony; count two, a first degree felony; count four, a first degree felony; and count five, a first degree felony. The remaining counts were nolled.
 {¶ 10} On April 26, 2001, a sentencing hearing was conducted and Tomlin was sentenced to a term of four years incarceration on each count. The trial court imposed the sentences for counts one and two to be run concurrently with each other, but to run consecutive to the sentences for counts four and five. Tomlin's total term of incarceration was 12 years.
 {¶ 11} Tomlin now appeals and asserts the following assignments of error:
 {¶ 12} "I. THE JUVENILE COURT ERRED WHEN IT RELINQUISHED JURISDICTION OVER APPELLANT, WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2151.26(C).
 {¶ 13} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERMS OF IMPRISONMENT ON ON (SIC) APPELLANT, A FIRST TIME OFFENDER, WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(B).
 {¶ 14} "III. THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE ALL OF THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(E)(4), AND FAILED TO GIVE ADEQUATE REASONS FOR THE FINDINGS IT DID MAKE."
 {¶ 15} In appellant's first assignment of error, he contends that the juvenile court failed to make the required findings and failed to state the actual reasons for determining that he was not amenable to the care and rehabilitation of the juvenile court system. Appellant's first assignment of error is without merit.
 {¶ 16} Within the juvenile justice system, R.C. 2151.26 and Juv.R. 30 have been adopted to provide the court with a model to use when determining the potential for rehabilitation and amenability.
 {¶ 17} R.C. 2151.26 provides in pertinent part:
 {¶ 18} "A(1) * * * After a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determination:
 {¶ 19} "(a) The child was fifteen or more years of age at the time of the conduct charged;
 {¶ 20} "(b) There is probable cause to believe that the child committed the act alleged;
 {¶ 21} "(c) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make an examination, that there are reasonable grounds to believe that:
 {¶ 22} "(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;
 {¶ 23} "(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.
 {¶ 24} "* * *
 {¶ 25} "(F) Upon such transfer, the juvenile court shall state the reasons for the transfer and order the child to enter into a recognizance with good and sufficient surety for his appearance before the appropriate court for any disposition that the court is authorized to make for a like act committed by an adult. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint."
 {¶ 26} In addition, under Juv.R. 30, the juvenile court must conduct a preliminary hearing to determine whether probable cause existed to believe that the accused committed the act alleged, which would constitute a felony if committed by an adult. Once the court has made the determination of probable cause, "the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction." Juv.R. 30(c).
 {¶ 27} The juvenile court held an initial hearing on October 10, 2000. At that hearing, the 67-year-old victim testified that the appellant had entered his home asking to use his telephone. The appellant then left and returned minutes later with another boy. The other boy pulled out a gun, which the appellant took and began waving in front of the victim's face, threatening to kill him if he did not give them money. In addition, the victim testified that the appellant is the individual that attacked him with a knife, cutting his fingers as he tried to ward off the attack, and then cutting his throat.
 {¶ 28} Based on the evidence presented at the probable cause hearing, the court found that the state demonstrated the existence of probable cause to believe that the appellant had committed the offense of attempted aggravated murder, a felony of the first degree; that the appellant had committed the offense of kidnaping, a felony of the first degree; that the appellant had committed the offense of aggravated arson, a felony of the first degree; and that the appellant had committed the offense of aggravated burglary, a felony of the first degree. The court then scheduled the appellant's amenability hearing and also scheduled the appellant for a psychological assessment, as required by R.C. 2151.36 and Juv.R. 30.
 {¶ 29} The appellant's amenability hearing occurred on November 16, 2000. At this hearing, the state called John Joseph Konieczny Ph.D., a psychological consultant for the Juvenile Court Diagnostic Clinic. Dr. Konieczny performed the psychological evaluation of the appellant for the amenability hearing.
 {¶ 30} Dr. Konieczny reviewed the appellant's poor scores on the intelligence tests and performance tests and discussed his potential for amenability with the juvenile system. He found two factors to be in favor of finding the appellant amenable to the juvenile system, through their care and rehabilitative services. He stated that, first, the appellant does not possess any prior record of involvement with the juvenile justice system, and second, the appellant was 15 years of age when the crime was committed and 16 years of age at the time of the hearing, well below the age at which the juvenile court may retain jurisdiction.
 {¶ 31} Dr. Konieczny's further assessment of the appellant produced four factors which would suggest that the appellant would not be amenable to the care and rehabilitative efforts of the juvenile system. Initially, the appellant had consistently maintained very poor performance in school, primarily due to his truancy as well as his poor academic career. According to Dr. Konieczny, this suggests that the appellant cannot comply with the typical role obligations for a child at his age; therefore, he would not be able to accept the obligations of a child in the juvenile system. Dr. Konieczny further noted that the appellant failed to obey the rules as set forth by his parents. He would stay away from home for days at a time, sold marijuana and became involved in a gang in Cleveland, where his father lived, and in Michigan, where his mother resided. The appellant's involvement with drugs extended beyond the mere sale of drugs and included his own daily use.
 {¶ 32} The fourth factor for non-amenability is the brutal severity of the crime committed by the appellant and his co-defendant. Dr. Konieczny took into consideration the length of time over which the incident took place and the many opportunities the appellant had to leave the situation so as not to increase the severity of his actions. The age of the victim was also taken into consideration as well as the victim being a neighbor of the appellant.
 {¶ 33} On December 1, 2000, the juvenile court filed the bindover entry, which stated in pertinent part:
 {¶ 34} "State's Exhibit 1, the psychological assessment of the child, is admitted into evidence.
 {¶ 35} "The court finds after a full investigation, including a mental examination of said child made by a duly qualified person(s), and after full consideration of the child's prior juvenile record, family environment, school record, efforts previously made to treat and rehabilitate the child, including prior commitments to the Ohio Department of Youth Services, the nature and severity of the offense herein, the age, physical, and mental condition of the victim as affected by the matter herein is not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children, and that the safety of the community may require that the child be placed under legal restraint for a period extending beyond his majority.
 {¶ 36} "The court finds that the child was 15 years of age at the time of the conduct charged and that the child committed acts that would be the crimes of attempted aggravated murder in violation of ORC 2903.01(B) and 2923.02, F1, kidnaping, ORC 2905.01(B)(2), F1, aggravated arson, ORC 2909.02(A)(1), F1, and aggravated burglary, ORC 2911.11(A)(1), F1."
 {¶ 37} The evidence presented at both the probable cause hearing and the amenability hearing supports the bindover entry transferring the appellant to the general trial division of the common pleas court. In addition, the entry contains the required findings pursuant to R.C. 2151.26
as they apply to the appellant. Therefore, the appellant's first assignment of error is without merit.
 {¶ 38} Appellant's second assignment of error contends that the trial court erred in imposing anything but the minimum sentence without making the required findings under R.C. 2929.14(B).
 {¶ 39} R.C. 2929.14(B) states:
 {¶ 40} "* * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others."
 {¶ 41} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held: "We construe this statute to mean unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutory sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
 {¶ 42} In addition, under R.C. 2929.12(B), the trial court at sentencing shall consider certain factors dealing with the seriousness of the crime and the recidivism factors for the appellant. R.C. 2929.12(B) provides in pertinent part:
 {¶ 43} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 44} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 45} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 46} "* * *
 {¶ 47} "(6) The offender's relationship with the victim facilitated the offense."
 {¶ 48} In the case sub judice, the trial court correctly discussed the factors listed in R.C. 2929.12(B) when imposing sentence. The trial court discussed the fact that the victim in this case was a 67-year-old man, who was the neighbor of the appellant, and that the appellant used the fact that he was the victim's neighbor to induce him to allow the appellant and his friend to enter the home. The appellant and his friend then cut the neighbor's throat, tied him up, carried him down to the basement, and set his house on fire. The trial court then found:
 {¶ 49} "I believe that imposing the minimum sentence here would demean the seriousness of the offense. This is not your typical aggravated robbery or aggravated burglary. We have arson and attempted murder involved."
 {¶ 50} The trial court therefore made the necessary findings under2929.14(B) and considered the seriousness of the act committed by the appellant under R.C. 2929.12(B) in order to impose a sentence other than the minimum sentence for a first-time offender. Appellant's second assignment of error is without merit.
 {¶ 51} In appellant's third assignment of error, he contends that the trial court erred in imposing a consecutive sentence. Specifically, the appellant argues that the trial court failed to make the required findings under R.C. 2929.14(E)(4) to impose consecutive sentences.
 {¶ 52} R.C. 2929.14(E)(4) states in relevant part:
 {¶ 53} "(E)(4) If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
 {¶ 54} "* * *
 {¶ 55} "(b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 56} "(c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 57} R.C. 2929.19(B)(2) provides in pertinent part:
 {¶ 58} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 59} "* * *
 {¶ 60} "It imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 61} This court determined in State v. Albert (1997),124 Ohio App.3d 225, 230, that in order for a trial court to properly order consecutive sentences, the trial judge must follow the established analysis. R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public, and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.
 {¶ 62} In the case sub judice, at the time of sentencing, the trial court failed to make the required findings to allow for the imposition of consecutive sentences. A review of the transcript shows the trial court's discussion of the case and the seriousness of the acts committed possibly suggested the court's reasons to back-up the necessary findings, as required by R.C. 2929.19(B)(2). However, the court failed to state on the record that the imposed consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of the conduct.
 {¶ 63} The trial court therefore failed to make the necessary findings under 2929.14(B) in order to impose a consecutive sentence. Therefore, appellant's third assignment of error has merit.
 {¶ 64} Judgment affirmed in part, reversed as to imposition of consecutive sentences, and remanded for the court's further consideration of that issue in accordance with this opinion.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and TERRENCE O'DONNELL, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).