JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Levi Hicks ("Hicks") appeals from his sentence involving maximum consecutive terms of imprisonment. For the reasons adduced below, we vacate his sentence and remand for resentencing.
 {¶ 2} On November 29, 2001, the grand jury returned indictments against Hicks for the following offenses: (a) two counts of kidnapping; (b) aggravated burglary; (c) two counts of aggravated robbery; (d) rape; (e) two counts of felonious assault; (f) unlawful possession of dangerous ordnance, to-wit, a shotgun; and (g) two counts of having a weapon while under disability. Except for the unlawful possession count and the weapon while under a disability counts, each of the remaining counts contained firearms specifications.
 {¶ 3} On May 31, 2002, Hicks pled guilty to aggravated burglary, aggravated robbery, and sexual battery. On June 24, 2002, the sentencing hearing was rescheduled at Hicks' request to June 28, 2002.
 {¶ 4} At the sentencing hearing, the trial court, which had in its possession a presentence investigation report, heard arguments by the parties. The defense urged leniency due to the age of the offender and the offender's childhood, which was allegedly negatively impacted by the following claimed factors: (a) the partial absence of his father who had been imprisoned for ten years while Hicks was growing up; (b) learning disability; (c) Hicks being a high school drop-out.
 {¶ 5} The court next determined that Hicks was a sexually oriented offender and advised him of the registration requirement after being released from prison.
 {¶ 6} The court next heard statements from the victims, which detailed the viciousness of the offender(s) in the commission of the offenses and the effects of the offenses on the victims.[1]
 {¶ 7} When asked if he had something to say to the court before the announcement of the sentence, Hicks replied, "I have no words, sir."
 {¶ 8} The court continued to address Hicks:
 {¶ 9} "THE COURT: Okay. I've had an opportunity to review the presentence investigation report along with the victim impact statements that were submitted by [the victims].
 {¶ 10} "I also have had an opportunity to review the photographs that were marked and entered into evidence at the sentencing hearing for the co-defendant in this matter.
 {¶ 11} "I find that although it would ordinarily be mandated by law that someone who has never before served a prison sentence receive the minimum possible prison sentence, I find that presumption is rebutted by the seriousness of this offense.
 {¶ 12} "I further find that a minimum period of incarceration would fail to effectively protect the public from Mr. Hicks' potential to reoffend.
 {¶ 13} "I think that is especially evident given his failure to take any responsibility for the actions that occurred that night, and to actually try to shift the blame for what happened to your rape victim onto her may be one of the more despicable things I've ever seen.
 {¶ 14} "Since I spent ten years handling cases similar to this one or worse, in my experience surprising me is particularly of note.
 {¶ 15} "I further find that a minimum sentence would fail to reflect the seriousness of your actions.
 {¶ 16} "In fact, there are numerous types of aggravated robberies and aggravated burglaries, but this was a home invasion that was particularly violent, that not only — — where not only did you wield a deadly weapon, you used that weapon to attempt to obtain property from these people. You then used it to hold them at bay while they were severely beaten, or while [the male victim] was severely beaten, and then while your co-defendants were proceeding to fight with [the male victim] who was bravely attempting to help his girlfriend, you took it upon yourself to sexually assault that woman. This is the worst form of this type of offense." Tr. 39-41.
 {¶ 17} The court then announced its sentence: (a) three years imprisonment on the firearm specification in count three, to run prior to and consecutive with 10 years for aggravated burglary (a first degree felony) as contained in that count; (b) nine years on the aggravated robbery count (a first degree felony), count four, to be served concurrently with the sentence for aggravated burglary; and (c) five years on the amended sexual battery count (a third degree felony), count six, to be served consecutively to the sentences on the other two counts. In effect, the court sentenced Hicks to serve 18 years in prison, imposing the maximum available term for each of the three underlying offenses.
 {¶ 18} Hicks filed his notice of appeal on July 26, 2002 from the sentencing order.
 I. {¶ 19} The lone assignment of error presented for review states: "The Trial Court Erred By Imposing Maximum Consecutive Sentences In Violation Of R.C. 2929.14 And R.C. 2929.19."
 {¶ 20} Appellant's argument is two-fold, attacking (a) the imposition of maximum terms of imprisonment, and (b) the use of consecutive sentences. We will address these two distinct issues in order.
 {¶ 21} With regard to the imposition of maximum sentences, we note the following:
 {¶ 22} "In order to impose a maximum sentence, a trial court must make the findings found in R.C. 2929.14(C), which state:
 {¶ 23} "`Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.'
 {¶ 24} "Additionally, when imposing the maximum sentence, the trial court must fulfill the requirements of R.C. 2929.19(B)(2)(e), which directs the trial court to state its reasons for imposing the maximum prison term if the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree."State v. Miller, Cuyahoga App. No. 80999, 2003-Ohio-164, at ¶ 58.
 {¶ 25} In the present case, the trial court imposed maximum terms based on its conclusion that Hicks committed the "worst form" of the offenses. Thus, the court complied with the requirements of R.C. 2929.14(E) in imposing maximum sentences. For its reasons, the trial court stated Hicks failed to take responsibility for his actions and attempted to shift the blame to the female victim, the crimes were particularly violent, the victim was severely beaten, and the crimes were, in part, sexual in nature. In addition, the court noted that the offenses occurred during a particular violent "home invasion." Therefore, the trial court could properly sentence Hicks to maximum sentences.
 {¶ 26} When imposing consecutive sentences, a trial court must look to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c).
 {¶ 27} "According to R.C. 2929.14(E)(4), if multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentences are necessary to protectthe public from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousness of theoffender's conduct and to the danger the offender poses to the public,and if the court also finds any of the following:
 {¶ 28} "`(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 29} "`(b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 30} "`(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.'
 {¶ 31} "`Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences.' State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, 1999 Ohio App. LEXIS 6064; see, also, State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, 2000 Ohio App. LEXIS 1349; State v. Maynard
(Mar. 16, 2000), Cuyahoga App. No. 75722, 2000 Ohio App. LEXIS 1031;State v. Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678, 1999 Ohio App. LEXIS 3847; State v. Lockhart (Sept. 16, 1999), Cuyahoga App. No. 74113, 1999 Ohio App. LEXIS 4281; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469, 1999 Ohio App. LEXIS 3495." (Emphasis added.)State v. Drake (Jan. 16, 2003), Cuyahoga App. No. 77460, 2003-Ohio-141, at ¶ 9-13; see, also, State v. House (Dec. 26, 2002), Cuyahoga App. No. 80939, 2002-Ohio-7227.
 {¶ 32} In the present case, the trial court did find that "a minimum" sentence would not protect the public from Hicks' potential to reoffend and that "a minimum sentence would fail to reflect the seriousness of" Hicks' actions. However, the predicate conditions contained in R.C. 2929.14(E)(4) require that the court find that theconsecutive sentence to be imposed, not the minimum available sentence, serve those purposes. Having failed to make the necessary findings under R.C. 2929.14(E)(4), to-wit, that (a) the consecutive sentence is necessary to protect the public from future harm or punish the offender and (b) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, the assignment of error is sustained in part.
 {¶ 33} Based on the foregoing analysis, we hereby vacate the sentence in its entirety and remand the matter for a new and complete sentencing hearing.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Hicks was accompanied during these offenses by two other co-defendants.