JOURNAL ENTRY AND OPINION.
{¶ 1} In this accelerated appeal, appellant Jason C. Smith appeals from the one-year sentence imposed for his conviction for unlawful sexual conduct with a minor. On appeal, he assigns the following error for our review:
 {¶ 2} "I. The trial court erred and abused its discretion in sentencing the appellant with no prior criminal record to serve a one-year sentence of incarceration for the crime of unlawful sexual conduct with a minor pursuant to R.C. 2907.04, a felony of the fourth degree."
 {¶ 3} Having reviewed the record and pertinent law, we affirm Smith's sentence. The apposite facts follow.
 {¶ 4} Smith was indicted in a two-count indictment for one count of theft and one count of unlawful sexual conduct with a minor. Smith entered a plea of guilty to one count of unlawful sexual conduct with a minor and the theft count was nolled.
 {¶ 5} A sentencing hearing was conducted and Smith was sentenced to one year in prison.[1]
 {¶ 6} In his sole assigned error, Smith argues the trial court failed to consider the relevant statutory provisions in imposing a prison term for a fourth degree felony, and the trial court relied on inaccurate information that he committed the offense while on community control sanction for a separate crime.
 {¶ 7} Before a court may sentence an offender to prison for a fourth degree felony, it must first determine whether any of the factors listed in R.C. 2929.13(B)(1)(a) through (h) exist. The court then determines, based upon consideration of the seriousness and recidivism factors contained in R.C. 2929.12(B), (C), (D), and (E), whether a prison term or community control sanction is consistent with the purposes and principles of felony sentencing found in R.C. 2929.11.[2] Smith contends the trial court failed to comply with these provisions.
 {¶ 8} Smith first argues the trial court relied on incorrect information in sentencing him to a prison term, because it found he was on community control sanction for a DUI offense at the time he committed the offense. According to Smith, he was not sentenced to community control sanction for his DUI offense until after he had committed the unlawful sexual conduct offense.
 {¶ 9} We understand Smith's argument regarding his status at the time of sentencing. However, although this fact exists, it does not demonstrate that the trial court relied solely on this information as a basis for its decision. We conclude the trial court adequately set forth reasons to support its finding that Smith was not amenable to community control sanctions.
 {¶ 10} The court noted that Smith victimized a thirteen year-old in a sex offense. The commission of a sexual offense is one of the factors listed under R.C. 2929.13(B)(1)(f) as a factor to consider in finding a defendant not amenable to community control sanction. Therefore, the trial court complied with R.C. 2929.13(B)(1).
 {¶ 11} The trial court also considered the seriousness and recidivism factors pursuant to R.C. 2929.12 by indicating at the hearing that the age of the victim was offensive to the court and to the community. The court also noted that Smith stole items from the victim's home.
 {¶ 12} The trial court also attached a form entitled "Felony Sentencing Findings" to its sentencing journal entry, which listed the criteria under R.C. 2929.12, regarding the factors to consider for determining the seriousness of the crime and likelihood of recidivism. Beneath a section on the check list entitled "Balance More Serious", the court checked the statement, "victim's age or physical/mental condition exacerbated injury", pursuant to R.C. 2929.12(B)(1).
 {¶ 13} This court has held that the use of a "check list" for sentencing purposes in conjunction with findings at the sentencing hearing, is a valid procedure, but only when it supports the sentence given.[3] We conclude the trial court's considerations support Smith's one-year sentence; therefore, the trial court's use of the sentencing form to supplement the sentencing hearing was appropriate and indicates the trial court did in fact consider the relevant factors.
 {¶ 14} Smith also contends that since he had never served a prison term, therefore, the trial court erred by sentencing him to more than the minimum sentence. The trial court sentenced Smith to one year out of a possible term of six-to-eighteen months.
 {¶ 15} R.C. 2929.14(B) states in pertinent part:
 {¶ 16} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} The Ohio Supreme Court in State v. Edmonson[4], considered the requirements of this statute, and held that the trial court does not have to state its reasons for finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes.
 {¶ 18} A review of the record in the instant case indicates that prior to imposing more than the minimum sentence for the charges, the trial court stated that "the court is imposing greater than the minimum because I believe that because of the nature of the offense of the conduct and the age of the victim, the minimum sentence in this case would not adequately protect the public and [would] demean the seriousness of your conduct in this case." Therefore, the trial court made the required findings pursuant to R.C. 2929.14(B).
 {¶ 19} Accordingly, Smith's assigned error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., concur.
[1] Smith filed a motion for reconsideration of the sentence with the trial court on February 5, 2003, arguing that at the time he committed the offense, he was not under community control. The trial court denied the motion without opinion.
[2] See R.C. 2929.13(B)(2)(a) and (b).
[3] State v. Thomas (June 15, 2000), Cuyahoga App. No. 76382; State v.Stadalsky (Apr. 13, 2000), Cuyahoga App. No. 75504; State v. Albert
(1997), 124 Ohio App.3d 225.
[4] 86 Ohio St.3d 326, 326.